## Geier et al. *versus* Shade.

1. While an agreement made in consideration of stifling a prosecution for a felony is void, yet certain misdemeanors which chiefly affect the individuals aggrieved and not the public interests, do not come within that rule, and may be settled by private agreement.

2. The obtaining of money by one individual from another by false and fraudulent representations is such a misdemeanor which may lawfully be settled by the parties after the institution of a criminal proceeding. Hence, a promissory note given to the prosecutor to settle such an offence, and in consideration of the abandonment of a criminal prosecution begun thereon, is founded upon a valid consideration.

March 2d, 1885.    Before MERCUR, C. J., GORDON,

[Geier v. Shade.]

Paxson, Trunkey, Sterrett and Clark, JJ. Green, J.,
absent.

Error to the Court of Common Pleas of *Berks county:*
Of January Term 1884, No. 363.

Assumpsit, by Ignatius Shade against Osmund Geier and
Christoph Becker, on a promissory note for $300, dated May
26th, 1883, given by the defendants to the plaintiff, payable
six months after date.

The defendant Becker filed the following affidavit and
supplemental affidavit of defence: "The plaintiff's demand
is founded on a promissory note given by Osmund Geier as
principal, and this deponent as bail, to Ignatius Shade, the
plaintiff, for the payment of $300 six months after date, which
said note is dated on the 26th day of May, 1883. That this
deponent is informed and verily believes the same to be true,
that the said Ignatius Shade gave no value for said note, and
that the same was given without consideration to the said
Shade, and that there is nothing due on said note from this de-
ponent to the plaintiff; that said note was given to the plaintiff
to secure the payment of a collateral, to wit, building associa-
tion shares of stock, and in settlement of a criminal prosecu-
tion; that after the note was given, the plaintiff, in violation
of said settlement, subsequent to the delivery of said note
brought another prosecution founded upon the same matters
as the first prosecution, for the settlement of which this note
was given; that this deponent is not indebted to the plaintiff
in any sum in law."

Supplemental Affidavit.—"The note upon which this
suit is founded was executed and delivered by the defendants
to the plaintiff in consideration of the plaintiff withdrawing
and settling a criminal prosecution for false pretence which
the plaintiff had instituted against Osmund Geier, one of the
defendants; that this deponent is informed and verily believes
the same to be true, that some time in the year 1882 Osmund
Geier above named obtained some money by means of false
and fraudulent representations from the plaintiff with intent
to cheat and defraud the plaintiff, and that some time in the
month of April or May, 1883, the plaintiff swore out an infor-
mation before Alderman Brownwell, charging the said Osmund
Geier as above. That this deponent is informed and believes
the same to be true, that the said Osmund Geier delivered
certain building association shares of stock as collateral security
for the payment of the debt due the plaintiff; that some time
in May, 1883, the plaintiff was pressing his said criminal
prosecution and threatened to imprison the said Osmund Geier
unless the case was settled by the said Geier. That these
defendants thereupon executed and delivered this note to the

[Geier *v.* Shade.]

plaintiff, as was distinctly agreed upon by the plaintiff and
Geier, one of the defendants, in settlement of the said criminal
prosecution; that in violation of the said agreement, which
was the consideration for the giving of said note, the plaintiff
some time in the month of September, 1883, and long before
this note became due and payable, had a new warrant issued
on the same information, for the same subject-matter, and for
the same cause as the first prosecution, and had the said
Osmund Geier re-arrested, and gave as an excuse for said
arrest that this note upon which this suit is brought was
worthless.    That the said Osmund Geier is now under bail for
his appearance at the Court of Quarter Sessions of the Peace
of Berks county, to answer the above charge, the settlement of
which was the consideration for the giving of this note.

That the consideration of this note wholly failed, and that
this deponent is not indebted to the plaintiff in any manner
whatever."

Upon a rule to show cause why judgment should not be
entered for want of a sufficient affidavit of defence, the court
entered judgment for the plaintiff against the defendant
Becker.    Judgment was entered against the defendant Geier
by default for want of an affidavit of defence.

The defendants took this writ of error, assigning for error
the action of the court in entering judgment against Becker
for want of a sufficient affidavit of defence.

*Israel C. Becker* and *Henry C. G. Reber*, for the plaintiffs
in error.—The note being given to compound a criminal prose-
cution for an offence of a public nature is void.    The obtain-
ing of money by false pretences is such an offence, of a public
nature, involving moral turpitude and affecting the public
morals and example : National Bank of Oxford *v.* Kirk, 9 Nor-
ris, 49; Kimbrough *v.* Lane (Ky.), 15 Amer. L. Reg., N. S.,
389; Riddle *v.* Hall, 3 Out., 116; Ormerod *v.* Dearman, 4 Id.,
564.    The agreement was designed by all the parties to it to
have the effect to stifle the prosecution and to discharge the
accused, and the fact that the prosecution was subsequently
renewed does not remove the moral turpitude from the agree-
ment, or change the illegality of the consideration.

*James A. O'Reilly* and *Cyrus G. Derr*, for the defendant in
error.—The criminal prosecution, in settlement of which the
note in question is said to have been given, is stated in the
affidavits of defence to have been for a false pretence which is
not an offence of a public nature.

In Steinbaker *v.* Wilson and Young, 1 Leg. Gaz. Rep., 76,
the same question arose, and the same defence, want of con-

sideration, was made. PAXSON, J., in delivering the opinion of the court, said: "There is nothing in the law to prevent the prosecutor in a case of *false pretences* from compounding the offence and abandoning the prosecution. If the defendant will make restitution, there is no legal objection to its reception by the prosecutor, the offence being a mere misdemeanor. If the defendant may make restitution, he may do so by paying the cash, or he may give his note or other obligation therefor, if the prosecutor is willing to accept it:" Act of March 31st, 1860, sec. 9, P. L., 432.

Chief Justice MERCUR delivered the opinion of the court, March 16th, 1885.

It is well settled that an agreement in consideration of stifling or compounding a criminal prosecution or proceeding for a felony or a misdemeanor of a public nature is void: Riddle *v.* Hall, 3 Out., 116. There are, however, misdemeanors of an inferior class in which the public is presumed to have less interest. They are assumed to affect chiefly the parties especially aggrieved thereby. The settlement of offences of this class is not illegal, and therefore an agreement between the offender and the party aggrieved to settle one of this kind is not invalid. Section 9 of the Act of 31st March, 1860, Pur. Dig., 377, authorizes the magistrate or the court to which the proceedings have been returned, to permit the settlement of such offences. The obtaining of money by means of false and fraudulent representations, with intent to cheat and defraud is an offence for which there would also be a remedy by action, and may be settled. There was therefore no error in entering judgment for want of a sufficient affidavit of defence.

Judgment affirmed.