Charles Brown and Mary A. Brown, his wife, and Wm. H. Brown and Hannah J. Brown, his wife, *v.* M. I. McCreight, cashier of the Dubois Deposit Bank, Appellant.

*Criminal law—Compounding criminal offenses—Fraudulent removal of goods—Act of March* 31, 1860.

Removal of the goods of a debtor to another county to prevent a levy on them by the sheriff is such a misdemeanor as may be lawfully settled by parties under the 9th section of the Act of March 31, 1860, P. L. 427. It is immaterial in such a case that the prosecutors are members of a copartnership engaged in the business of banking.

*Mortgage—Condition as to all parties signing.*

Where a mortgage is signed by two of the parties named as mortgagors in the body of the mortgage, on an agreement that it shall not be binding on those executing it, unless signed by all those who are so named, and this stipulation is made by one of those signing in the presence of the other, and for the benefit of both, the mortgage does not become operative on either of those who executed, unless signed by all.

Argued April 18, 1898. Appeal, No. 233, Jan. T., 1897, by defendant, from decree of C. P. Clearfield Co., Sept. T., 1893, No. 1, on bill in equity. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to cancel a mortgage.

WILSON, P. J., of the 36th judicial district, specially presiding, reported the following findings of fact and conclusions of law:

1. The mortgage in question was executed by William H. Brown and Charles Brown, April 19, 1892.

2. The consideration of the mortgage, so far as William H. Brown was concerned, was the stifling of a criminal prosecution against the plaintiffs and others.

3. The mortgage would not have been executed without the agreement and stipulation to withdraw the criminal prosecution against the plaintiffs and others.

4. William H. Brown executed the mortgage upon the stipulation and understanding that until executed by his brother, S. I. Brown and wife, it should not be binding upon him, and, if executed by them, it should only be delivered and operative after the criminal prosecutions were withdrawn.

5. The mortgage was in escrow when delivered to Herbert A. Moore, who undertook to get S. I. Brown and wife to execute the mortgage.

6. Samuel I. Brown and wife refused to sign said mortgage, and in fact, did not sign the same.

7. The criminal charge against the plaintiffs and others was for secreting goods to the value of $5,000, with intent to defraud, etc., and did conspire together to defraud affiants and others, members of the bank.

### CONCLUSIONS OF LAW.

1. The mortgage in question of April 19, 1892, having as its consideration, in whole or in part, the suppression, compounding, or stifling of this prosecution, being a grave public charge, was and is void.

2. The mortgage, having been placed in the hands of Herbert A. Moore in escrow, to be delivered upon the performance

of a condition, is not operative or binding until that condition is performed.

3. The mortgage, being so drawn as to be executed by several parties, is only operative when executed by all, there being an express agreement by those who executed it that it should not be operative until executed by all.

4. The mortgage in question of April 19, 1892, was and is void.

The court decreed the mortgage null and void.

*Error assigned* among others was the decree of the court.

*J. B. McEnally*, with him *W. C. Pentz* and *D. W. McCurdy*, for appellant.—The findings and decree of the court canceling the mortgage and ordering it to be surrendered and satisfied of record as to Charles Brown is, we think, contrary to law and equity under the evidence in the case: Blight v. Schenck, 10 Pa. 285; Penna. Co. for Ins. on Lives v. Dovey, 64 Pa. 260; Marks's App., 85 Pa. 234.

The mere signing and acknowledgment of a deed before a notary or a magistrate, and leaving it there, without any express qualification as to the delivery, is a delivery by those who sign it. The burden of proof is upon those who deny the delivery, to show it: Whitaker v. Richards, 134 Pa. 191; Keyser v. Keen, 17 Pa. 327; Grim v. School Directors, 51 Pa. 219; Loew v. Stocker, 68 Pa. 226.

Under the facts, neither of the plaintiffs can, now, in a court of equity, successfully set up the alleged unauthorized delivery against the mortgage. Their own conduct is fatal to any such defense: Blight v. Schenck, 10 Pa. 285; Pearsoll v. Chapin, 44 Pa. 9; Bispham's Equity, sec. 259; 2 Pomeroy's Equity, sec. 817; Morgan v. McKee, 77 Pa. 231; Howard v. Turner, 155 Pa. 357.

There is no such illegal settlement of a criminal prosecution alleged and shown in this case as invalidates or in any way affects the mortgage. This is certainly true as to Charles Brown, and we think also as to William H. Brown: Act of March 31, 1860, P. L. 427; Geier v. Shade, 109 Pa. 180; Pearce v. Wilson, 111 Pa. 14; Bickel v. Fasig, 33 Pa. 463; Com. v. Shaver, 3 W. & S. 342; Schuylkill County v. Copley, 67 Pa. 386; Swope v. Ins. Co., 93 Pa. 251; Fertig v. Bucher, 3 Pa. 308;

Warfel v. Frantz, 76 Pa. 88 ; Keener v. Crago, 81 * Pa. 166 ; Sharp v. United States, 4 W. 21 ; Swope v. Jefferson Fire Ins. Co., 93 Pa. 251 ; 1 Greenleaf on Evidence, sec. 373 ; Com. v. Ohio and Penna. R. R. Co., 1 Grant, 329.

*Thomas H. Murray*, with him *Allison O. Smith*, for appellee. —The prosecution, the compounding of which was the consideration of this mortgage, could not legally be compounded : Collins v. Blantern, 2 Wilson, 341 ; Ham v. Smith, 87 Pa. 63 ; Bredin's App., 92 Pa. 241 ; Riddle v. Hall, 99 Pa. 116 ; Pearce v. Wilson, 111 Pa. 14 ; Steuben County Bank v. Mathewson, 5 Hill, 249.

There was no delivery of this mortgage : Stephens v. Rinehart, 72 Pa. 435 ; Twitchell v. McMurtrie, 77 Pa. 383 ; Fertig v. Bucher, 3 Pa. 308 ; Grim v. School Directors, 51 Pa. 220 ; Cutter v. Whittemore, 10 Mass. 445.

Where the facts are found by the court before whom each of the witnesses appeared, this Court will not disturb such finding except for the clearest error : Baltimore, etc., R. R. Co's. App., 10 W. N. C. 530 ; Phillips's App., 68 Pa. 130 ; Sproull's App., 71 Pa. 138 ; Kutz's App., 100 Pa. 70.

The court had power to make the decree : 2 Pomeroy's Equity, sec. 942 ; Stephens's App., 87 Pa. 207 ; Marlatt v. Warwick, 19 N. J. Eq. 440.

OPINION BY MR. JUSTICE FELL, July 21, 1898 :

Generally contracts compounding criminal offenses of any grade are void as against public policy, and no distinction in this respect is recognized between felonies and misdemeanors : Pearce v. Wilson, 111 Pa. 14. In this state the settlement of some classes of minor misdemeanors, the prosecution of which is not a matter of public interest, is permitted by statute. The ninth section of the Act of March 31, 1860, P. L. 427, makes it lawful for the magistrate to discharge or the court to order a nolle prosequi, at the request of the prosecutor, where the charge or indictment is for " assault and battery or other misdemeanor to the injury and damage of the party complaining, and not charged to have been done with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy by action." We see no reason to doubt

that the prosecution, the compounding of which was the consideration of the mortgage executed by the plaintiffs, comes within the provisions of this act. The offense charged was the removal of the goods of a debtor to another county to prevent a levy on them by the sheriff. It was a misdemeanor to the injury and damage of the party complaining; it was not charged to have been done with intent to commit a felony; it was not an infamous crime (Bickel v. Fasig, 33 Pa. 463), and for it there was a remedy by action. It was not an offense which affected public interests, except as all violations of law may affect them. It was not of a higher grade than the obtaining of money by false and fraudulent representations, which was held in Geir v. Shade, 109 Pa. 180, to be a misdemeanor which might lawfully be settled by the parties after the institution of criminal proceedings. Nor did the fact that the prosecutors were members of a copartnership engaged in the business of banking make the offense charged more serious by giving it a public character. They were creditors merely, who had charged a debtor and others who had assisted him with having removed goods to prevent a levy. None of the parties charged were officers of the bank or in any way connected with its management.

But the finding of the learned judge that the mortgage was executed by the plaintiffs under an agreement that it should not be binding on them unless it was signed by all the parties named as mortgagors, is sufficient to sustain the decree entered. The stipulation as to the condition upon which the mortgage was to become binding was made at the instance and demand of one of the plaintiffs, but it was made in the presence of both and for the benefit of both. The condition not having been complied with, the mortgage did not become operative.

The decree is affirmed at the cost of the appellant.