## Commonwealth *v.* Carr, Appellant.

*Criminal law—False pretenses—Settlement—Satisfaction.*

The crime of defrauding by false pretenses belongs to the class of misdemeanors which, by section 9 of the act of penal procedure of March 31, 1860, P. L. 427, may be settled between the complainant and the offender, at the discretion of the examining magistrate or of the court. It is essential to such a settlement, however, that the complainant shall "acknowledge to have received satisfaction for such injury and damages." Until this is

done, there is no settlement; and neither partial restitution by the defendant, nor an agreement falling short of an acknowledgment of satisfaction in the manner provided by the act, bars a prosecution for the criminal offense.

Argued Jan. 9, 1905. Appeal, No. 175, April T., 1905, by defendant, from judgment of Q. S. Allegheny Co., June T., 1904, No. 438, on verdict of guilty in case of Commonweath v. Joseph F. Carr. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for defrauding by false pretenses.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* was the ruling on evidence referred to in the opinion of the Superior Court.

*S. S. Robertson*, with him *M. L. Avner*, for appellant.

*Robert E. Stewart*, district attorney, *John S. Robb, Jr.*, and *W. A. Blakeley*, for appellee.

OPINION BY SMITH, J., March 14, 1905:

The crime of defrauding by false pretenses belongs to the class of misdemeanors which, by section 9 of the act of penal procedure of March 31, 1860, P. L. 427, may be settled between the complainant and the offender, at the discretion of the examining magistrate or of the court : Rothermal v. Hughes, 134 Pa. 510 ; Geier v. Shade, 109 Pa. 180. It is essential to such a settlement, however, that the complainant shall " acknowledge to have received satisfaction for such injury and damage." Until this is done, there is no settlement ; and neither partial restitution by the defendant, nor an agreement falling short of an acknowledgment of satisfaction in the manner provided by the act, bars a prosecution for the criminal offense.

The ruling assigned for error in this case is the refusal to admit in evidence seven checks given by the defendant to the prosecutor, for amounts aggregating $3,100, and duly honored, in partial payment of a note for $9,000 given by the defendant

for repayment of the amount obtained by him from the prosecutor, as charged in the indictment, with the prosecutor's receipt for a check subsequently given for the residue, but which remained unpaid.

The papers thus offered in evidence formed no part of the transaction from which the prosecution arose, and there was nothing in that transaction which they could explain. Since both the prosecutor and the defendant had already testified to the payment made by these checks, there was no question respecting them requiring further evidence. At best, the checks were only cumulative evidence of matters of fact not in dispute, and, as the case is presented in the bill of exceptions, neither their admission or rejection could affect the defense. Moreover, in view of the evidence for the commonwealth, the partial restitution by the defendant, shown by these checks, was immaterial. Under the act referred to, the defendant can be relieved from prosecution only by the complainant's acknowledgment of satisfaction, with the approval of the magistrate or the court. As to the note and check given by the defendant, in the absence of a stipulation that they should be taken as payment, they were not satisfaction unless paid; and nearly two-thirds of the amount for which they were given remained unpaid at the commencement of the prosecution. Thus the complainant had neither acknowledged nor received satisfaction, and his efforts to obtain it were no bar to the conviction of the defendant on the indictment.

Judgment affirmed.