# Commonwealth v. Radzinowicz, Appellant.

*Criminal law—Assault and battery—Felonious assault—Cutting and wounding—Indictment—Charge.*

1. An indictment contained three counts, one charging felonious assault and battery, a second, cutting, stabbing and wounding, and a third, assault and battery. At the trial the defendant denied that he used a knife, and claimed that a cut in the arm of the prosecutor had been made by the breaking of a beer glass. His testimony was not in any way corroborated, and he would not say whether the glass which he said that he held had been broken. No other witness saw a glass in his hand. The court instructed the jury that they should disregard the first count "leaving the other two counts, namely, aggravated assault and battery and simple assault and battery." The court also charged "the theory has been suggested, but it is proper that I should state to you that I am unable to discover from the testimony in this case, any substantial support of that theory, that this wound was inflicted by a glass. You have seen the wound and you can draw your own conclusions from the appearance of it, whether it was inflicted with a knife, or with a glass. . . . Of course it is for you to say." *Held* (1), that the jury must have understood the words "aggravated assault and battery," as meaning the offense charged in the second count, and that therefore their use could not have harmed the prisoner, and (2) that the court's expression of opinion on the evidence was not improper.

*Criminal law—Assault and battery—Settlement of case by licensed saloon keeper.*

2. A settlement with a prosecutor by a licensed saloon keeper in whose saloon the assault occurred is not a valid settlement authorized by the Act of March 31, 1860, sec. 9, P. L. 4 7.

Argued Feb. 23, 1909. Appeal, No. 41, March T., 1909, by defendant, from judgment of Q. S. Luzerne Co., Nov. T., 1908, No. 230, on verdict of guilty in case of Commonwealth v. Stanis Radzinowicz. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for assault and battery.

The court charged in part as follows:
[In order to convict of a felonious assault and battery, or

assault and battery with intent to commit murder, the evidence must be such as would justify a jury, had the wounds proved fatal, in returning a verdict of murder, either of the first or second degree. I do not think the testimony justifies any such verdict, and therefore I withdraw from you the consideration of the first count, leaving the other two counts, namely, aggravated assault and battery and simple assault and battery. I may say, however, that you may well disregard the third count as well as the first, because if there was perpetrated upon this prosecutor, at that time, an assault and battery, and if the defendant should be convicted upon this indictment at all, he should be convicted of aggravated assault and battery under the testimony here, because the assault was undoubtedly of an aggravated character.] [1]

[This prosecutor was undoubtedly stabbed, cut by somebody with something that night—there is no doubt about that—either with a knife, or, as has been suggested by the theory of the defendant, although not proved, with a glass. It will be difficult, indeed, gentlemen of the jury, to reach a conclusion that that wound was inflicted by a glass in the hand of this defendant. I shall not withdraw that question from your consideration. Of course, it is for you to say. The theory has been suggested, but it is proper that I should state to you that I am unable to discover from the testimony in this case any substantial support of that theory that this wound was inflicted by a glass. You have seen the wound, and you can draw your own conclusions from the appearance of it, whether it was inflicted with a knife or with a glass. Now, by whom? That is the question, as the commonwealth's attorney has suggested. We have no hesitation at all in saying to you that if that wound was inflicted with a knife in the hands of this defendant he ought to be convicted on this indictment. There cannot be any question about that, because there is no justification for such a performance disclosed in this testimony. No justification by words, for two reasons: Undoubtedly the prosecutor used improper, if not vile language. It may be questionable, however, whether or not he had any real reference to this defendant's mother. That expression which we so often hear

which was used according to the testimony here, and with which you are perfectly familiar, as we are all familiar, while it does bear a literal stigma against the mother of the person to whom it was addressed, yet we all know very well that the mother is not in the mind of the speaker at all in ninety-nine cases out of a hundred. It is simply an insult to the individual, and no insult intended for the mother, as I say. But it is bad language, and it should not be used, there is no question about that. If this were the prosecutor's case, and if he used language of that kind, I would say, let him take care of himself. But it is the commonwealth's case. These words, whatever he may have said, are no justification, because in the first place, under the defendant's own testimony, the words did not aggravate him to inflict this wound or to commit an assault and battery upon the prosecutor. You heard his testimony that he was perfectly quiet, and that he simply suggested to the prosecutor that he must not use such language, and it appears distinctly from the testimony of the defendant himself that the words used by the prosecutor did not aggravate him to make the assault, if he made it. So that is one reason why those words are no justification. Another reason is because mere words are not in law a justification for an assault and battery. On a charge of murder, on a charge of homicide, on a charge of killing, if the first count was before you for consideration, the words might be material in order to establish that state of passion or provocation and absence of time to cool which would reduce the grade of the killing, or the death, if there had been a killing, from murder to manslaughter. But in the case as it is now presented to you words have absolutely no bearing whatever, and you will dismiss them from your mind. Neither is there in this case disclosed on the part of the defendant anything which would justify an attack or an assault by him, either under guise of self-defense or otherwise, with a knife. That is where the importance of that question comes in for you to consider, whether or not the assault was with a knife or with a glass. If it was with a knife, as I say, there is absolutely nothing in the case which would justify self-defense with such a weapon. Of course, a man when attacked by another has a

right to defend himself, he has a right to repel force with force. But the force with which he repels must bear some proportion, some reasonable proportion to that with which he is attacked. If he is attacked with the fist he cannot draw a knife. If he is afraid of his life, and is driven to the wall, he may use a weapon in self-defense, and even take life in self-defense; but under such an attack as was made here by the prosecutor, if one was made by the prosecutor, and it is for you to say, the defendant would not be justified in drawing a knife. He might be justified in raising a glass, if you believe his testimony, and even in striking the prosecutor with a glass. But he would not be justified in drawing a knife. So that I say if you find this assault was perpetrated with a knife, then there could be no alternative in this case but conviction. It appears that the prosecutor did throw a glass, a small whisky glass he had in his hand, but you could easily find from the testimony in this case, the barkeeper and other testimony, that that was thrown some appreciable time at least before the wound was inflicted upon the prosecutor. And that is an important thing for you to bear in mind.]

[Do you believe, gentlemen of the jury, beyond a reasonable doubt, from all the testimony in this case, that this defendant stabbed this prosecutor with a knife? That is a question which you are to answer from the testimony. You have on the one side the testimony of the prosecutor, who has a certain interest, as has been suggested, although not as vital an interest as the defendant, in the result of this prosecution. Then you have the testimony of Telejszo, or whatever the name is, you will recall him, who seems to have been a friend of the prosecutor, although not an enemy of the defendant, so far as we can discover. He testifies that the defendant stabbed the prosecutor with a knife. The weight of his testimony is for you. Then you have, finally, on the part of the commonwealth, another witness whose name I do not recall—Gombolovicz, or something of that kind—who did not see the actual stabbing, but he heard the blood dropping, and saw the defendant run out. This, in substance, was the testimony on behalf of the commonwealth. You will consider, in connection with the tes-

timony of Telejszo, the theory suggested by counsel in argument to the jury of the probability of his being able to see a knife held down by the side, and used in the manner in which he described.   His credibility is for you, the reasonableness of his story is for you.   I repeat.   If you believe from this testimony produced on behalf of the commonwealth, beyond a reasonable doubt, that the defendant used that knife upon this prosecutor, then he ought to be convicted.   On the other hand, you have the testimony of the defendant, who denies positively that he used the knife, or that he had a knife.   Then we have · the testimony of the bartender, Delaney, who did not see the knife used.   You will remember his testimony.   It does not tend to substantiate to a material extent or corroborate the contradiction and denial of the defendant.   Of course, in considering the weight of the defendant's testimony, you are bound to consider his interest in the result of this prosecution.   He is a competent witness under the law, as he ought to be, but his credibility is for you, and in determining whether or not you believe him you must consider the vital interest which he has in the result of this prosecution.] [2]

[If the prosecutor, as an individual, were alone concerned in this case, I would say, let him go, but it is the commonwealth which is concerned in cases of this kind.   This is not a private · case.   The man who was injured is called, by legal custom, the prosecutor in the case; he made the information; it was at his instance that the case came to court, that the prosecution was brought.   But it is not his case, it is the commonwealth's case, and you are to consider and dispose of it entirely separate and apart from any feeling or prejudice which you may have against the prosecutor for the condition that he was in or the language that he used upon that occasion.   This prosecutor was undoubtedly stabbed, cut by somebody with something that night; there is no doubt about that, either with a knife, or, as has been suggested by the theory of the defendant, although not proved, with a glass.   It will be difficult, indeed, gentlemen of the jury, to reach a conclusion that that wound was inflicted by a glass in the hand of this defendant.   I shall not withdraw that question from your consideration.   Of course,

it is for you to say. The theory has been suggested, but it is proper that I should state to you that I am unable to discover from the testimony in this case, any substantial support of that theory, that this wound was inflicted by a glass. You have seen the wound and you can draw your own conclusions from the appearance of it, whether it was inflicted with a knife or with a glass. Neither is there in this case disclosed, on the part of the defendant, anything which would justify an attack or an assault by him, either under guise of self-defense or otherwise, with a knife. That is where the importance of that question comes in for you to consider, whether or not the assault was with a knife or with a glass. We have no hesitation at all in saying to you that if that wound was inflicted with a knife, in the hands of this defendant, he ought to be convicted on this indictment. There cannot be any question about that, because there is no justification for such a performance disclosed in this testimony. So that I say, if you find this assault was perpetrated with a knife, then there could be no alternative in this case but conviction. If you believe, from this testimony produced on behalf of the commonwealth, beyond a reasonable doubt, that the defendant used that knife upon this prosecutor, then he ought to be convicted.] [3]

[On the other hand, you have the testimony of the defendant who denies positively that he used the knife or that he had a knife. Then we have the testimony of the bartender, Delaney, who did not see the knife used. You will remember his testimony. It does not tend to substantiate to a material extent or corroborate the contradiction and denial of the defendant. Of course, in considering the weight of the defendant's testimony you are bound to consider his interest in the result of this prosecution. He is a competent witness under the law, as he ought to be, but his credibility is for you, and in determining whether or not you believe him you must consider the vital interest which he has in the result of this prosecution.] [4]

[We expect to prove by the witness on the stand that he is the keeper of the saloon in which this trouble took place. That shortly after the trouble, in company with one William Kuptian, a detective, and without any consent or knowledge of the de-

fendant, he went to the Pittson Hospital and there made a settlement of the case with the prosecutor, George Kezemekatis, and paid the sum of $90.00, and that the prosecutor then and there being fully informed of the contents of the paper in his own language by the witness on the stand, and the detective, signed a complete and full release of all actions he might have against the defendant, and that the paper so signed was in the possession of the witness on the stand. Objected to as immaterial, irrelevant and improper. Objection sustained, exception noted, bill sealed for the defendant.] [5]

Verdict of guilty, upon which the prisoner was sentenced to pay a fine of $50.00 and be imprisoned in the county prison for eleven calendar months and twenty-nine days.

*Errors assigned* were (1–5) above instructions, quoting them.

*Stanley Kuryloski*, with him *Miner B. Schnerr*, for appellant.—The duty of fixing degree of guilt belongs exclusively to the jury: Act of Assembly, March 31, 1860, sec. 99, P. L. 382; Rhodes v. Com., 48 Pa. 396; Lane v. Com., 59 Pa. 371; Pistorius v. Com., 84 Pa. 158; Com. v. McManus, 143 Pa. 64; Com. v. Sheets, 197 Pa. 69; Com. v. Deitrick, 221 Pa. 7.

Giving undue prominence to the evidence on one side of a case, or of a fact in issue in a case, is error: Com. v. Goldberg, 4 Pa. Superior Ct. 142; Blank v. Barnhart, 17 Pa. Superior Ct. 214; Com. v. Penrose, 27 Pa. Superior Ct. 101; Phila. Trust, etc., Co. v. Phila. R. R., 117 Pa. 38; Com. v. Silcox, 161 Pa. 484.

*Thomas Butiewicz, Jr.*, assistant district attorney, with him *Abram Salsburg*, district attorney, for appellee.—It is always within the province of the court to point out the duty of a jury under the law and the evidence, leaving them free to act: Com. v. Sutton, 205 Pa. 605; Com. v. Sheets, 197 Pa. 69; Com. v. Curcio, 216 Pa. 380.

Upon a careful reading of the whole of the charge of court it appears that the court considered as carefully the testimony of the defendant as that of the commonwealth: Com. v. Pipes, 158 Pa. 25.

It is well settled that an agreement in consideration of stifling or compounding a criminal prosecution or proceeding for a felony or a misdemeanor of a public nature is void: Riddle v. Hall, 99 Pa. 116; Pearce v. Wilson, 111 Pa. 14; Geier v. Shade, 109 Pa. 180; Com. v. Carr, 28 Pa. Superior Ct. 122.

OPINION BY PORTER, J., April 12, 1909:

The appellant has not printed in his paper-book the indictment upon which he was tried in the court below, but we may gather from the charge of the court and the printed argument of the counsel that the indictment contained three counts, the first charging felonious assault and battery, the second count charging that the defendant did cut, stab and wound the prosecutor, being drawn under sec. 98 of the Act of March 31, 1860, P. L. 427; and the third count charging an assault and battery. That part of the charge of the court which is the subject of the first specification of error withdrew the first count of the indictment from the consideration of the jury, but it did not, as contended by counsel for the appellant, withdraw from the consideration of the jury the third count of the indictment, for the language of the court in withdrawing the first count and directing the jury what they were to consider was express and positive; "leaving the other two counts, namely, aggravated assault and battery and simple assault and battery." While the court in designating the offense charged in the second count used the term "aggravated assault and battery," which while well understood in common parlance is not strictly speaking a legal definition of any offense, the jury could not have understood it as referring to anything but the offense which was in legal language charged in the second count of the indictment. The appellant certainly was not injured by the action of the court in withdrawing from the consideration of the jury the first count which charged the act as a felony, a conviction under which would have been a matter more serious than was the charge upon which he was found guilty. We have examined the evidence and are by no means convinced that a conviction of the more serious offense might not have been sustained. The language of the court in submitting the

second and third counts of the indictment left the jury free, under the evidence, to determine the offense of which the defendant was guilty, if guilty of any offense. In thus submitting these counts the court said: "I may say, however, that you may well disregard the third count as well as the first, because if there was perpetrated upon this prosecutor, at that time, an assault and battery, and if the defendant should be convicted upon this indictment at all, he should be convicted of aggravated assault and battery under the testimony here." This language still left the jury free to pass upon the offense, as charged in the second and third counts, and was nothing more than the expression of an opinion of the court as to the nature of the injury which had been inflicted upon the prosecutor. This language of the court is to be considered in the light of the issue of fact presented by the evidence. The commonwealth had called two witnesses who testified that they had seen a knife in the hand of the defendant and had seen him stab the prosecutor with that knife, and had also produced other witnesses who testified as to the character of the cut which had been made in the arm of the prosecutor. The defendant denied that he had used a knife and testified to circumstances from which his counsel at the trial contended that a jury might infer that the cut in the arm of the prosecutor had been made by the breaking of a beer glass, which the defendant held in his hand and interposed to ward off an attack by the prosecutor. The fact in dispute was whether the defendant had stabbed the prosecutor with a knife. If he had he was guilty of the offense charged in the second count of the indictment, if of any offense. If the jury believed the testimony of the defendant he was not guilty of an offense, but if they believed the testimony of the commonwealth the only offense of which he was guilty was stabbing the prosecutor with a knife. The evidence being of this character, it was proper for the court, while leaving the jury free to pass upon the second and third counts of the indictment, to indicate to the jury the opinion of the court as to which count of the indictment properly charged the offense, in case they found the defendant guilty: Commonwealth v. Sutton, 205 Pa. 605; Commonwealth v. Sheets, 197 Pa. 69; Com-

monwealth v. Curcio, 216 Pa. 380. The first specification of error is overruled.

The only question of fact upon which a direct and positive issue was raised by the evidence in the case was as to whether this defendant did with a knife stab the prosecutor. That question was in a fair, full and adequate charge submitted to the jury. The jury were, in effect, instructed that unless they found beyond a reasonable doubt that the defendant had with a knife stabbed the prosecutor, the verdict must be not guilty. The defendant had produced no evidence which, if believed, would have justified or excused the use of a knife or other deadly weapon. If he used a knife that use was, under the evidence, unlawful, and the injury thereby inflicted was an unlawful cutting and wounding. The theory advanced at the trial by the defendant was that the prosecutor must have been cut by a glass, which the defendant held in his hand. This was theory almost exclusively, for the evidence to support it was very slight. The defendant did testify that he held a beer glass in his hand, which he interposed when the prosecutor attempted to throw a small glass at him, but, although directly interrogated upon the point, he would not say whether the glass which he so held had been broken. No other witness testified that the defendant had even had a glass in his hand, or had attempted to shield himself with it from any attack. The court submitted this question to the jury, and fairly stated the contention of the defendant under the evidence. The defendant complains that in submitting the question to the jury the court made this comment upon the evidence: "The theory has been suggested, but it is proper that I should state to you that I am unable to discover from the testimony in this case, any substantial support of that theory, that this wound was inflicted by a glass. You have seen the wound and you can draw your own conclusions from the appearance of it, whether it was inflicted with a knife or with a glass." While thus expressing an opinion upon this branch of the evidence, the court expressly instructed the jury that the weight and effect of this evidence was for them; "Of course, it is for you to say. The extent to which a trial judge ought to go in reviewing, analyzing and com-

menting on testimony depends very largely upon the circumstances of the case, and to some extent, upon the line of argument pursued by counsel in addressing the jury.  Generally it must be left to a sound discretion.  It is only in exceptional cases, as, for example, where it plainly appears that a charge is so inadequate in this regard as to be misleading, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon a general exception of this nature:" Commonwealth v. Penrose, 27 Pa. Superior Ct. 101.  We have examined the evidence and are of opinion that the comment of the learned judge of the court below upon the contention of the defendant, as to the probability of the injury to the prosecutor having been caused by a broken beer glass, was fully warranted by the testimony and within the line of his duty.  The testimony of the defendant was fairly submitted to the jury, the comment of the court upon the testimony was fully warranted by its character, and the jury were left free to draw their own conclusion.  The second, third and fourth specifications of error are dismissed.

The offer of the defendant to prove that the licensed saloon keeper, in whose barroom the prosecutor had been wounded, had shortly after the stabbing visited the prosecutor at the hospital and, without any consent or knowledge of the defendant, made a settlement of the case with the prosecutor and obtained a complete and full release of all actions he might have against the defendant, was properly rejected.  The Act of March 31, 1860, P. L. 427, sec. 9, authorizes the settlement of certain classes of cases "if the party complaining shall appear before the magistrate who may have taken recognizance or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage," and authorizes "the magistrate, in his discretion, to discharge the recognizance which may have been taken for the appearance of the defendant, or in case of committal to discharge the prisoner, or for the court also where such proceeding has been returned to the court in

their discretion to order a nolle prosequi to be entered on the indictment, as the case may require, upon payment of costs." This statute confers upon magistrates and courts a discretion to approve or disapprove of settlement of cases which come within its provisions: Commonwealth v. Carr, 28 Pa. Superior Ct. 122. We know of no statute which confers a like authority upon a barkeeper, even though he may be the holder of a license authorizing him to sell liquor. The very terms of this offer of evidence showed that the defendant charged was no party to the settlement and that it was made without his knowledge or consent. The fifth specification of error is dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by said court committed to serve that portion of his term of imprisonment which had not expired at the time this appeal was made a supersedeas.