## Commonwealth, Appellant, *v.* Alvarez.

Argued March 23, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stewart J. Greenleaf*, Assistant District Attorney, with him *Paul W. Tressler*, Assistant District Attorney, *Parker H. Wilson*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellant.

*Harry L. Green, Jr.*, Assistant Public Defender, for appellee.

OPINION BY MONTGOMERY, J., June 11, 1970:

The defendant, Pedro Rivera Alvarez, entered a plea of not guilty to an indictment charging him with the crimes of larceny and receiving stolen goods. A jury was summoned but before it was sworn the court dismissed it and entered an order under Criminal Court Rule 315. This order directed the defendant's release from prison where he had been confined for five months on default of bail, on condition that he pay costs totaling $357.25 at the rate of $15 per week. The District Attorney, not having consented to the order, has taken this appeal.

The sole issue before us is whether the aforesaid order was proper without the consents of the District Attorney and the owner of the stolen vehicle who had made no claim for the damages to his property.

Rule 315 of the Rules of Criminal Procedure, which became effective January 1, 1965, reads as follows:

"Except as provided in Rule 120, when a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof and the aggrieved party has a remedy therefor by civil

action, and it appears that the public interest will not be materially affected, the court may order the defendant to be discharged upon a showing that satisfaction has been made to the aggrieved party or upon an application for discharge, endorsed with an agreement between the aggrieved party and the defendant and the consent of the attorney for the Commonwealth. The order of discharge shall include an order for the payment of costs by the proper party. Adopted June 30, 1964. Eff. Jan. 1, 1965."

The permission granted for the settlement of criminal cases resulting in the discharge of arrested persons has been limited in nature and for that reason it has been held repeatedly that they must be made in the manner directed by the statute. The following cases under the Act of March 31, 1860, P. L. 427, §9, as amended, 19 P.S. §491, which has now been repealed by Rules of Criminal Procedure 321, support this statement: *Com. of Pa. v. Heckman,* 113 Pa. Superior Ct. 70, 172 A. 28 (1934); *Commonwealth v. Radzinowicz,* 39 Pa. Superior Ct. 173 (1909); *Commonwealth v. Carr,* 28 Pa. Superior Ct. 122 (1905); *Commonwealth of Pennsylvania v. Arthur J. Scott,* 7 Pa. Superior Ct. 590 (1898).

We find nothing in the new Rule 315 aforesaid which indicates otherwise. It appears in some particulars to be an enlargement of the area within which such settlements are authorized, i.e., all offenses rather than those specifically named in the former Act of 1860. It nevertheless limits such privilege to only those cases wherein (1) no force or violence or threat thereof is present, (2) the aggrieved party has a remedy therefor by civil action, and (3) it appears that the public interest will not be materially affected. The lower court was satisfied that those conditions were present in the present case. We do not disagree. However, the other requirements of the Rule have not been

satisfied. There is no showing that the aggrieved party has received satisfaction for his damages. Although he has not made a claim for them, neither has he disclaimed his right to them. We cannot accept the view expressed by the lower court that the failure of the aggrieved party to make a claim, or that another participant may also be responsible for the damages, satisfies this requirement. It is not contended that there was presented to the lower court an application for discharge based on an agreement endorsed thereon and signed by the aggrieved party and the defendant, and consented to by the counsel for the Commonwealth.

Since we are of the opinion that this is a question purely of law, appealable by the Commonwealth, the order discharging the defendant must be reversed and a new trial ordered.

And it is so ordered.