375 A.2d 88

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carl REDCAY.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided June 29, 1977.

---

264

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for appellant.

Charles A. Haddad, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

At the behest of a friend, and for the sum of $30.00, appellee removed an oil burner from a house under construction by a contractor who allegedly owed appellee's friend back wages for construction work. For his assistance in this self-help venture, appellee was arrested and charged with burglary, theft and conspiracy. The oil burner was returned to its owner, who signed a statement that he had suffered no financial loss and did not object to the charges being withdrawn. Subsequently appellee petitioned the court below for discharge pursuant to Pa.R.Crim.P. 315,[1] and the court, BERTOLET, J., ordered the discharge in accordance with the Rule. The Commonwealth appealed the order, contending that burglary and larceny are crimes of force and violence by their very nature and therefore, the discharge was improper.

In *Commonwealth v. Alvarez,* 216 Pa.Super. 394, 268 A.2d 192 (1970), we determined that Rule 315 settlements are limited to cases wherein (1) no force or violence or threat thereof is present, (2) the aggrieved party has a remedy therefor by civil action, and (3) it appears that the public interest will not be materially affected. After meeting these three initial requirements, discharge may be ordered either upon showing that satisfaction has been made to the aggrieved party or application for discharge with an agreement between the aggrieved party and the defendant, and consent of the Commonwealth's attorney.

We have no difficulty concluding, and the Commonwealth apparently agrees, that the aggrieved party has a

---

1. Rule 315 provides:

"Except as provided in Rule 145, when a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof and the aggrieved party has a remedy therefor by civil action, and it appears that the public interest will not be materially affected, the court may order the defendant to be discharged upon a showing that satisfaction has been made to the aggrieved party or upon an application for discharge, endorsed with an agreement between the aggrieved party and the defendant and the consent of the attorney for the Commonwealth. The order of discharge shall include an order for the payment of costs by the proper party."

civil remedy in this case, the public interest will not be materially affected by the discharge, and satisfaction has been made to the aggrieved party. The Commonwealth alleges, however, that Rule 315 does not apply to burglary and theft, which it characterizes as crimes of force or violence by their very nature. We do not agree. While burglary was a common law crime of force or violence as contended by the Commonwealth, common law crimes no longer exist in Pennsylvania since enactment of the Crimes Code.[2] The current burglary statute defines the crime as the entry of a building or occupied structure with intent to commit a crime therein,[3] and eliminates the common law "breaking" requirement and its attendant illogical distinctions. We must therefore reject the Commonwealth's argument based on Blackstone's definition of burglary as a very heinous offense to be punished by death.

Furthermore, the definition of burglary in the Uniform Firearms Act[4] as a crime of violence does not affect our disposition of settlement since that definition is limited to firearms violations.

Finally, in *Alvarez,* supra, we said that the new Rule 315 "appears in some particulars to be an enlargement of the area within which such settlements are authorized, i. e., all offenses rather than those specifically named in the former Act."[5] 216 Pa.Super. 394, 396, 268 A.2d 192, 193. There was no allegation in this case that the crime was committed with actual force or violence or the threat of force or violence. To the contrary, the facts of the case indicate otherwise. The current Rule contains none of the limitations of the former Act, and we will imply none.

Rule 315 and *Alvarez* lead us to the conclusion that where there is no actual violence or threat thereof in the

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 107(b) (1973).

3. Act of December 6, 1972, supra, 18 Pa.C.S. § 3502(a).

4. Act of December 6, 1972, supra, 18 Pa.C.S. § 6102.

5. Act of March 31, 1860, P.L. 427, § 9, 19 P.S. § 491.

commission of the offense, and the remaining requirements set forth in the Rule are satisfied, the approval of settlement is warranted. We interpret the Rule and *Alvarez* as broadening the scope of settlement to include crimes where there is no hint of violence. Since the settlement complied with all requirements of Rule 315, the court below did not err in approving the petition for discharge.

Order affirmed.