764 P.2d 749

**STATE of Arizona, Appellee,**

v.

**Jerry E. LARSON, Appellant.**

**No. 1 CA–CR 12145.**

Court of Appeals of Arizona,
Division 1, Department B.

July 5, 1988.

Reconsideration Denied Aug. 18, 1988.

Review Denied Dec. 13, 1988.

Roderick G. McDougall, Phoenix City Atty. by Mary G. Isban, and Ondre J. Williams, Asst. City Prosecutors, Phoenix, for appellee.

Michael J. Dew, Phoenix, for appellant.

OPINION

GREER, Presiding Judge.

Appellant was originally charged with domestic violence assault, a class one misdemeanor, pursuant to A.R.S. § 13–1203(A)(1), in the Phoenix Municipal Court. Phoenix Municipal Court Judge Elizabeth R. Finn later accepted a misdemeanor compromise of the matter pursuant to A.R.S. § 13–3981, over the state's objection, and dismissed the complaint with prejudice. The judge dismissed the charge based on her interpretation of *State v. Jones*, 142 Ariz. 302, 689 P.2d 561 (App. 1984). She held that A.R.S. § 13–3981(B), requiring the prosecuting attorney's recommendation before the misdemeanor offense of domestic violence could be compromised and dismissed, constituted an unconstitutional invasion of the powers of the judiciary. The state, pursuant to A.R.S. § 13–4032(1), appealed the dismissal of the charge to the Maricopa County Superior Court.

The only issue on appeal to the superior court was whether a trial court could grant a misdemeanor compromise in a domestic violence case without the prosecutor's recommendation. The superior court found that the legislature intended the prosecutor to retain the authority of proceeding with a domestic violence criminal prosecution and that, in so doing, the prosecutor did not encroach upon the judicial function in an unconstitutional manner. The city court's order of dismissal was vacated and the matter remanded for trial.

On appeal, appellant argues that A.R.S. § 13-3981(B) is unconstitutional because it violates the separation of powers doctrine.

## CONSTITUTIONALITY OF A.R.S. § 13-3981(B)

The victim in this case appeared in municipal court and advised the judge that she and the defendant had been divorced, no other problems had occurred between them, the defendant was living apart from her, the incident occurred because defendant was drinking at the time, and she had fabricated her story to the police at the time the defendant was arrested. After hearing this testimony and advising the parties that she had considered: (1) the victim's presence in court; (2) the victim's statements that the problems which led to the incident were resolved; (3) the victim's statement that there had been no subsequent problem; and (4) the couple's participation in counseling and the finalization of their divorce, the municipal court judge, over the prosecutor's objection, dismissed the matter with prejudice. The judge advised the parties that she was aware of the statute requiring the prosecutor's recommendation before dismissal, but stated that she considered the statute invalid for the same reasons that A.R.S. § 28-692.01(C) had been declared unconstitutional in *State v. Jones, supra.* A.R.S. § 13-3981 provides:

A. When a defendant is accused of a misdemeanor or petty offense for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in this section, except:

1. When the offense is committed by or upon any officer of justice while in the execution of the duties of his office.

2. When the offense is committed riotously.

3. When the offense is committed with intent to commit a felony.

B. If a defendant is accused of an act involving assault, threatening or intimidating or a misdemeanor offense of domestic violence as defined in § 13-3601, the offense shall not be compromised except on recommendation of the prosecuting attorney.

C. If the party injured appears before the court in which the action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the prosecution dismissed, and the defendant discharged. The reasons for the order shall be set forth and entered of record on the minutes and the order shall be a bar to another prosecution for the same offense.

D. No public offense shall be compromised or the prosecution or punishment upon a compromise dismissed or stayed except as provided by law.

Many jurisdictions have adopted statutes permitting acts which may be the basis of both criminal and civil liability to be compromised and settled. *See generally,* Annot., *Construction and Effect of Statute Authorizing Dismissal of Criminal Action Upon Settlement of Civil Liability Growing Out of Act Charged,* 42 A.L.R.3d 315, 318 (1972). In the absence of a compromise statute, a compromise and settlement may be binding between the parties as to civil liability, but will ordinarily have no effect upon a defendant's criminal liability. *Id.* Furthermore, where such a compromise statute does exist, the propriety of a dismissal in any particular case will depend on whether the specific requirements of the statute are met. *Id.;* 22 C.J.S. Criminal Law, § 41 at 132 (1961) ("a

crime is a wrong directly or indirectly affecting the public, the fact that a person who was injured by the commission of a crime has condoned the offense or made a settlement with accused or with some third person in his behalf does not relieve accused or bar a prosecution by the state, except where there is statutory authority therefor.... Settlements under statutory authority must be made in the manner directed by the statutes....").

◼ Absent a specific statute authorizing the dismissal of a criminal prosecution by compromise, the judicial branch has no authority to dismiss a case based on a compromise reached between the parties. *State v. Nelles*, 713 P.2d 806 (Alaska App. 1986); *Commonwealth v. Alvarez*, 216 Pa. Super. 394, 268 A.2d 192 (1970). In *Alvarez*, the defendant was charged with larceny and receiving stolen goods. Before trial, however, the court dismissed the charges on the condition that the defendant pay costs totaling $357.25. The prosecutor, not having consented to the order of dismissal, appealed. The sole issue before the court in *Alvarez* was whether the trial court's order was proper without the consent of the district attorney and the owner of the stolen vehicle, who had made no claim for the damages to his property. Rule 315 of the Pennsylvania Rules of Criminal Procedure provided that, in certain instances similar to those set forth in A.R.S. § 13–3981, the court could order a defendant discharged upon a showing that satisfaction had been made to the aggrieved party or upon an application for discharge, endorsed with an agreement between the aggrieved party and the defendant *and* the consent of the attorney for the commonwealth. *Alvarez*, 216 Pa.Super. at 394–95, 268 A.2d at 192–193. On appeal, the court found that the prosecutor had not consented to the agreement, and the matter was reversed. *Id.* The court noted:

> The permission granted for the settlement of criminal cases resulting in the discharge of arrested persons has been limited in nature and for that reason it has been held repeatedly that they must

be made in the manner directed by the statute.

*Id.* at 395, 268 A.2d at 193.

Pennsylvania has codified the procedure for the dismissal or compromise of cases in Pa.R.Crim.P. Rules 145 and 314. Rule 314 requires the consent of the commonwealth's attorney before the court may dismiss a criminal charge. Rule 145 deals exclusively with the dismissal of misdemeanors and provides that a court may dismiss a charge upon a showing that: (1) the public interest will not be adversely affected; (2) *either* the aggrieved person *or* the attorney for the commonwealth consents to the dismissal; (3) satisfaction has been made to the aggrieved party or there is an agreement that satisfaction will be made to the aggrieved party; and (4) there is an agreement as to who shall pay costs. The "comment" to the rule states that its 1973 amendment deleted the requirement that the attorney for the commonwealth consent in every case "as an unnecessary criterion at this stage of the proceeding. However, it [was] retained as an alternative criterion which, along with the other enumerated criteria, would give the issuing authority discretion to dismiss even when the aggrieved party refuses to consent." Comment, Pa.R.Crim.P. Rule 145, 42 Pa.C. S.A. (Purdon 1987–88).

◼ The executive branch has broad discretion in the enforcement of criminal laws and in deciding what charges, if any, will be filed against a defendant. *State v. Frey*, 141 Ariz. 321, 324, 686 P.2d 1291, 1294 (App.1984). That function carries with it the discretion to proceed or not to proceed once an action has been commenced unless the legislature has restricted that authority. *See, e.g.*, A.R.S. § 13–3981.

◼ Appellant's reliance on *State v. Jones*, 142 Ariz. 302, 305, 689 P.2d 561, 564 (App.1984), to support his argument that A.R.S. § 13–3981(B) violates the separation of powers doctrine under article III of the Arizona Constitution is misplaced. *Jones* simply held that the legislature could not, without violating the doctrine of separation of powers, "give the prosecuting attorney

the authority, after a conviction, to decide what the punishment shall be." *Id.* It was for this reason that the court in *Jones* found former A.R.S. § 28–692.01(C) unconstitutional. The statutory section was revised, and the court, in *State v. Prentiss,* 1 Ariz.Adv.Rep. 63 (App.1988), held that the amended statute, which permitted the exercise of prosecutorial discretion to make allegations that limited a trial judge's discretion in sentencing, did not violate the constitutional separation of powers doctrine. *Id.* The court in *Prentiss* emphasized that *Jones* stood for no more "than that a prosecutor cannot control sentencing after conviction, not that his charging decision may not control sentencing discretion." *Id.* Furthermore, *State v. Jones, supra, citing State v. Greenlee,* 228 Kan. 712, 620 P.2d 1132 (1980), agreed with the Kansas court's conclusion that a statute which allowed the prosecutor to enter into a diversion agreement with a defendant after a complaint had been filed did not violate the separation of powers doctrine because, "the power to divert the prosecution of a case is and always has been an executive function." *Jones,* 142 Ariz. at 305, 689 P.2d at 564.

Our state legislature has clearly expressed its intention that crimes of domestic violence not be subject to the general compromise statute. In applying the test set forth in *J.W. Hancock Enterprises v. Registrar of Contractors,* 142 Ariz. 400, 405–06, 690 P.2d 119, 124–25 (App.1984), to determine whether an act constitutes a violation of the separation of powers doctrine, we must conclude that neither the legislature nor the executive has, as a result of the passage of this statute, begun exercising powers "properly" belonging to either of the other branches of government. *Id.* As noted in *Hancock,* when a statute is challenged under the separation of powers doctrine, a court must search for "a usurpation by one department of the powers of another department on the specific facts and circumstances." By enacting § 13–3981, the legislature has, to some degree, restricted the power of the prosecu-

tor to continue a prosecution if the requirements of that statute have been met. However, the legislature has declined to restrict the prosecutor's powers with respect to crimes of domestic violence. In effect, the legislature has determined that the prosecutor shall retain the authority of proceeding with a case in those instances set forth in A.R.S. § 13–3981(B), and it did not encroach upon the judicial function in so doing.

The legislature has the constitutional power to legislate on any subject unless restrained by the constitution. *Giss v. Jordan,* 82 Ariz. 152, 159, 309 P.2d 779 (1957). The Arizona compromise statute was adopted in 1864. *State v. Garoutte,* 95 Ariz. 234, 238, 388 P.2d 809, 813 (1964). The legislature properly exercised its constitutional authority pursuant to Ariz. Const., art. 4, part 1, § 1, when it enacted the compromise statute in its present form, A.R.S. § 13–3981(B), and we hold that the statute does not violate the separation of powers doctrine.

Affirmed.

CORCORAN and HAIRE, JJ., concur.