J-S16042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA

              Appellant   :

                        :

                        :

           v.             :

                        :

                        :

SHAYLA CAPRICE HALL           :      No. 1542 MDA 2021

Appeal from the Order Entered October 29, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003115-2016

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED: SEPTEMBER 26, 2022**

The Commonwealth appeals from the order that, pursuant to its specific wording, waived all fines and costs at this particular docket, dismissed the charges against the appellee, Shayla Caprice Hall, and closed the case in its entirety. On appeal, the Commonwealth contends that the lower court erred when, *inter alia*, it did not obtain the Commonwealth's consent prior to dismissing Hall's charges, in violation of Pennsylvania Rule of Criminal Procedure 586. In its opinion, the court agrees with the Commonwealth's assertion that it failed to acquire the Commonwealth's consent before proceeding in this manner. As there is no basis to deviate from the plain language of Rule 586 and with the court having acted without the Commonwealth's consent, we vacate the order and remand for further

_____

[*] Retired Senior Judge assigned to the Superior Court.

proceedings.[1]

       We adopt the court's brief recitation of the facts:

       On May 23, 2016, [Hall] was charged with one count each of Theft by Failure to Make Required Disposition of Funds Received; Theft by Unlawful Taking; and Theft by Deception. On December 15, 2017, [Hall] was admitted into the Accelerated Rehabilitative Disposition ("ARD") program after paying a $500 entry fee and $5,000 in restitution to Walmart. As conditions of her acceptance into the ARD program, [Hall] was required to pay the outstanding restitution of $5,000 to Walmart, complete 50 hours of community service, and complete a shoplifter's program. [Hall] failed to complete these requirements, and as a result, she was revoked from the ARD program on January 17, 2020.

      After having been revoked from the ARD program, [Hall] appeared before the [lower court] on June 7, 2021. At that proceeding, [Hall's] counsel requested that [Hall's] charges be dismissed and that the case be closed. While [the lower court] noted that [Hall] still owed $4,500 in restitution to Walmart, defense counsel maintained that [Hall] had made a good faith effort to pay all she could . . . . The [lower court] directed that defense counsel file a [p]etition to make her request in writing, and the proceedings were continued to a later date. The Commonwealth's counsel did not lodge any objection to the filing of such a [p]etition.

      On October 22, 2021, [Hall] through counsel filed a "Petition to Waive Fines and Costs," which invoked … Rule … 586. In the Petition, [Hall] provided … [five] … reasons for her request: [asserting a reduction in income, lack of her ability to work, her being the financial provider for the family, her substantial payback of the restitution, and the financial strength of Walmart, itself]. On October 28, 2021, th[e lower court] issued an order granting [Hall's] petition.

Trial Court Opinion, 1/24/22, at 1-2 (citations to the record omitted).

---

[1] In lieu of a brief, Hall filed a letter with this Court wherein she agrees that dismissal of her charges was procedurally improper and, too, seeks remand.

After the order was granted, the Commonwealth filed a timely notice of appeal. Thereafter, the relevant parties complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this matter is ripe for review.

On appeal, the Commonwealth singularly asks:

1. Did the trial court err in waiving Hall's remaining costs, fines, and restitution and concurrently dismissing her case where the Commonwealth did not consent to the dismissal, and Hall failed to pay full restitution to the victim?

*See* Appellant's Brief, at 4.

The Commonwealth has presented this Court with a question of law. ***See Commonwealth v. Alvarez***, 268 A.2d 192, 193 (Pa. Super. 1970) (interpreting what was previously Rule 315, but, after renumbering and amendment, is now the current Rule 586). The standard of review we apply in such cases is *de novo*, and our scope of review is plenary. ***See Commonwealth v. Lacombe***, 234 A.3d 602, 608 (Pa. 2020).

Rule 586 establishes that, if a defendant has been charged with nonforceful or nonviolent charges,

the court may order the case to be dismissed upon motion and showing that:

(1)   the public interest will not be adversely affected; and

(2)   *the attorney for the Commonwealth consents to the dismissal*; and

(3)   satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

- 3 -

(4)     there is an agreement as to who shall pay the costs.

Pa.R.Crim.P. 586 (emphasis added). In the Rule's corresponding comment, it identifies that this set of precepts is "the criteria a defendant *must* satisfy before the court has the discretion to order dismissal under this [R]ule." ***Id*.**, cmt. (emphasis added).

> Here, the lower court concedes that
>
> the Commonwealth has not consented to the dismissal of [Hall's] charges. While a review of the [t]ranscript from the June 7, 2021 proceeding reveals that the Commonwealth's counsel did not verbally object to [Hall] *filing* a [p]etition to have the case dismissed, the Commonwealth has never consented to the *actual* dismissal of the charges because [Hall's] Petition for dismissal was granted without affording the Commonwealth [the opportunity] to respond.

Trial Court Opinion, 1/24/22, at 4 (emphasis in original). In a similar manner, the Commonwealth proclaims that it "did not agree to the dismissal and [further,] not all the restitution has been paid to the victim." Appellant's Brief, at 9.

Our independent review of the record uncovers no specific consent from the Commonwealth to establish that it agreed to the dismissal of charges. ***See, e.g***., Videoconference Transcript, 6/7/21. As all parties agree that the Commonwealth did not provide its consent, which is a preliminary requirement under Rule 586(2), it was in error for the court to dismiss the charges that were against Hall. Therefore, we vacate the order that closed her case and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2022