No. 14,540.

PEOPLE EX REL. CARROLL, DISTRICT ATTORNEY *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL.

(101 P. [2d] 26)

Decided March 25, 1940.

Mr. John A. Carroll, Mr. William E. Doyle, Mr. O. Otto Moore, for petitioner.

Mr. Philip Hornbein, Mr. Theodore Epstein, for respondents.

*En Banc.*

Mr. Justice Francis E. Bouck delivered the opinion of the court.

The relator, the Honorable John A. Carroll, as district attorney of the Second Judicial District, seeks in this court a writ of mandamus compelling the district court of that district to impose upon one Siraguso a sentence that will correspond to a penalty within the limits provided by law for a crime as to which a jury has duly returned a verdict of guilty against said Siraguso.

The controversy arises from the district judge's attempt to suspend the imposition of sentence in spite of the fact that the district attorney refuses to approve of such suspension.

Determination of the guilt of a criminal defendant is of course a purely judicial process which is an inherent function of the judicial department. So likewise is the imposition of sentence. Formerly the Colorado courts were held to be without power to postpone the imposition of sentence for a prolonged period in the absence of statutory authority from the legislative department. *Grundel v. People,* 33 Colo. 191, 79 Pac. 1022.

The sole question before us is whether the General Assembly has enacted a proper enabling statute under

which the relator may claim the right to prevent the judge's suspension of imposition of sentence by withholding approval thereof. The statute in question is section 1 of chapter 140, '35 C.S.A. (S.L. 1931, §1 of chapter 136, entitled "Probation") and reads as follows:

"Courts empowered to suspend the imposition or execution of sentence.—When it shall appear to the satisfaction of the judge of any district court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, the court shall have power, with the approval of the district attorney after conviction or after a plea of guilty or nolo contendere, for any crime or offense excepting murder of the first and second degree, to suspend the imposition or execution of sentence for such period and upon such terms and conditions in conformity with this chapter as he may deem best; or such court may impose a fine and may also place the defendant upon probation in the manner as herein provided. Such court may, subject to the provisions of this chapter, revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years; provided, however, that no person convicted as aforesaid shall be entitled to or shall receive the benefits of this chapter if he had theretofore been convicted of a felony in this state or of an offense in another state or country which, if committed in this state, would be punishable as a felony, and a certified copy of the record of such former conviction shall be deemed sufficient evidence thereof but other evidence of such former conviction may be admitted in the absence of such certified copy. [S.L. '31, p. 686, §1.]."

Obviously the legislature regarded the district attorney as an officer who by reason of his official duty to investigate criminal defendants, and to prepare for and conduct the prosecution of cases against them, is in a peculiarly favorable position to ascertain impartially and

understandingly whether a particular defendant ought to receive the statutory leniency which consists either of suspension of the imposition of sentence or of suspension of the execution of sentence after this has been imposed.

The statute is herein assailed as unconstitutional. If it were shown beyond a reasonable doubt to be so, it would be our duty to declare it invalid. Such showing has not been made.

Under the above quoted provision the enforcement of a penalty can be dispensed with or postponed if and only if the trial judge and the district attorney agree that such leniency should be granted. There is nothing unreasonable about such a provision. If the legislative requirement of approval by both officers named has not been complied with, the suspension was not lawfully made and the court must proceed to sentence. Though one of the two officers may be, as here, thoroughly conscientious in advocating the suspension, the latter cannot be effected without the consent of the other, who is presumed to be equally conscientious.

The proposed suspension in the case at bar is a suspension of the imposition of sentence. The writer of this opinion and Justices Young, Bakke, Knous and Burke are also of the conviction that the suspension of execution of a sentence already imposed would be governed by the same principle and would become effective only upon like approval by the district attorney.

The writ of mandamus will issue as prayed.

Mr. Justice Otto Bock dissents.

Mr. Justice Burke concurs in the conclusion.

Mr. Chief Justice Hilliard not participating.

Mr. Justice Otto Bock dissenting.

I regret my inability to concur. This controversy involves fundamental principles of separation of the pow-

ers of three departments of government, the importance of which in a democracy such as ours always has been recognized. It tends to prevent arbitrary action by each of them. That the imposition or suspension of sentence in a criminal case is "judicial power" cannot successfully be questioned. *Martin v. People,* 69 Colo. 60, 64, 168 Pac. 1171. No authority to the contrary has been cited. We held in *Grundel v. People,* 33 Colo. 191, 79 Pac. 1022, that in the absence of a permissive statute, the indefinite postponement of sentence of one convicted of crime deprives the court of jurisdiction to pronounce sentence at a subsequent term, and operates to discharge the prisoner. In a number of states it has been held that, unless authorized by statute, courts have no power to defeat conviction by an indefinite postponement of sentence. 16 C.J., p. 1286, §3041. Section 1, chapter 140, '35 C.S.A. (S.L., '31, c. 136, §1), concerning probation, provides: " * * * the court shall have power, with the approval of the district attorney after conviction or after a plea of guilty or nolo contendere, * * * to suspend the imposition or execution of sentence for such period and upon such terms and conditions in conformity with this chapter as he may deem best."

The phrase which challenges constitutionality is "with the approval of the district attorney." The district attorney has no judicial power, and while in some instances his duties may be included under the heading "judicial department," he is not thereby given such power, which is vested solely in the courts.

The question of separation of powers involved here was determined by this court in a well-reasoned opinion by Mr. Justice Burke in *Denver v. Lynch,* 92 Colo. 102, 18 P. (2d) 907. The legislative attempt to limit the court's judicial power of suspending sentence, conditioned upon the approval of the district attorney, clearly violates article III and section 1 of article VI of our Constitution. Section 9, chapter 136, 1931 Session Laws, recites that the legislature would have passed the act,

and each part thereof, irrespective of the fact that any other portions be declared unconstitutional. It will also be observed that the performance of every act authorized in section 1, supra, is conferred upon the court, with the sole exception of the imposition and suspension of sentence, which requires approval of the district attorney, the validity of which is here. challenged.

We are not concerned with the reasonableness of section 1. Our concern is with its invasion of judicial processes. It is true that the district attorney, from his knowledge of each case, is in a very favorable position to give advice to the court, as to the propriety of suspension or imposition of sentence, and the court in granting suspension without considering this advice would be acting arbitrarily. Such assistance by the district attorney could not, however, be construed as participation in the exercise of a judicial function.

In my opinion, the writ should be denied.