689 P.2d 561

**The STATE of Arizona, Appellant,**

v.

**Dwaine JONES, Appellee.**

**No. 2 CA–CR 3392.**

Court of Appeals of Arizona, Division 2.

July 19, 1984.

Review Denied Oct. 16, 1984.

Frederick S. Dean, Tucson City Atty. by Frank W. Kern, III, Tucson, for appellant.

Kelly C. Knop, Tucson, for appellee.

OPINION

HOWARD, Judge.

■ The sole issue in this case is whether the legislature may constitutionally grant to the prosecutor the authority to make or withhold a recommendation of alternative sentencing by the court under A.R.S. § 28–692.01(C).

Appellee was convicted by a jury of driving under the influence in violation of A.R.S. § 28–692. The Tucson city magistrate sentenced appellee under the alternative sentencing provision of A.R.S. § 28–692.01(C) without the recommendation of the prosecutor. The state appealed the sentencing to the superior court which affirmed the action of the city court and ordered the matter remanded for further proceedings. The state then filed this appeal.

A.R.S. § 28–692.01(B) provides, inter alia, for a mandatory jail sentence of not less than 24 consecutive hours for persons convicted of driving under the influence of intoxicating liquor or drugs. However, § 28–692.01(C) grants to the trial judge the power to sentence such person under A.R.S. § 28–692.01(D) "... if the judge,

based upon the prosecutor's recommendation, finds that such alternative sentencing will serve the best interests of the state ..." and if such person has not been convicted within the last 60 months of driving under the influence, was not driving with a blood alcohol reading of 0.020 per cent or more and did not cause serious physical injury to another person while he was driving under the influence. A.R.S. § 28–692.-01(D) does not carry a mandatory jail sentence.

Appellee contends that that part of A.R.S. § 28–692.01(D) which makes alternative sentencing dependent upon the prosecutor's recommendation violates the constitutional doctrine of separation of powers. We agree.

■ Article 3, of the Arizona Constitution provides:

"The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

The concept of separation of powers is fundamental to constitutional government as we know it. *Ahearn v. Bailey,* 104 Ariz. 250, 451 P.2d 30 (1969). It is essential that sharp separation of powers be carefully preserved by courts so that one branch of government not be permitted unconstitutionally to encroach upon the functions properly belonging to another. *Giss v. Jordan,* 82 Ariz. 152, 309 P.2d 779 (1957). The legislature may not enact a statute which is in conflict with a provision of the state Constitution. *Harris v. Maehling,* 112 Ariz. 590, 545 P.2d 47 (1976).

Our neighboring state of California has had as much experience as any with legislative attempts to unconstitutionally grant the prosecutor a veto power over an exercise of judicial power. In *People v. Tenorio,* 3 Cal.3d 89, 89 Cal.Rptr. 249, 473 P.2d 993 (1970) the court had before it a provision of the Health and Safety Code,

§ 11718, which prohibited the trial court from exercising its power to strike prior convictions in narcotics cases except upon motion of the district attorney; in *Esteybar v. Municipal Court*, 5 Cal.3d 119, 95 Cal. Rptr. 524, 485 P.2d 1140 (1971) the court considered Penal Code § 17(b)(5) which conditioned the power of the committing magistrate to determine that a charged offense would be tried as a misdemeanor rather than a felony upon the consent of the district attorney; in *People v. Navarro*, 7 Cal.App.3d 248, 102 Cal.Rptr. 137, 497 P.2d 481 (1972) the court had before it a portion of the Welfare and Institution Code, § 3051, which subjected to the concurrence of the district attorney the power of the trial court to civilly commit a defendant to the Narcotics Addiction Rehabilitation Program in the interest of justice; in *People v. Clay*, 18 Cal.App.3d 964, 96 Cal.Rptr. 213 (1971) the court of appeals considered the language of Penal Code § 1203 which conditioned upon the district attorney's concurrence the trial court's power to grant probation in the interest of justice and in *People v. Superior Court of San Mateo County*, 11 Cal.App.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405 (1974) the court had before it Penal Code §§ 1000 to 1000.4 which gave the district attorney veto power over the decision of a trial judge to order that a defendant charged with a narcotics offense be diverted to a pretrial program of treatment and rehabilitation.

▮ In all of these cases the California courts nullified the provision giving the prosecutor any veto power. The principle to be gleaned from these California cases is this—when the decision to prosecute has been made, the process which leads to acquittal or sentencing is fundamentally judicial in nature, or, to state it in another way, when the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility. *People v. Superior Court of San Mateo County*, supra.

▮ While it is within the sole power of the legislature to determine what acts constitute crime and to prescribe punishment for those acts, *State v. McClarity*, 27 Ariz.App. 571, 557 P.2d 170 (1976) it cannot give the prosecuting attorney the authority, after a conviction, to decide what the punishment shall be. That is a judicial function. A.R.S. § 28–692.01(C) was enacted to mitigate the punishment prescribed by § 28–692.01(B) and the decision to mitigate a sentence properly belongs to the judge and not the prosecutor.

The state principally relies upon the case of *People ex rel. Carroll v. District Court of Second Judicial District*, 106 Colo. 89, 101 P.2d 26 (1940). There the Supreme Court of Colorado held constitutional a statute under which a prosecutor had the right to prevent the judge from suspending sentences by withholding his approval. The Colorado Supreme Court's reason for upholding the statute was that there was nothing "unreasonable" about such a provision. We find the reasoning in the Colorado case to be decidedly unpersuasive.

The state also relies upon the case of *State v. Greenlee*, 228 Kan. 712, 620 P.2d 1132 (1980). There the court was considering a statute which allowed the district attorney to enter into a diversion agreement with the defendant after a complaint has been filed charging the defendant with a crime. The Kansas court properly held that such a statute did not violate the principles of separation of powers since the power to divert the prosecution of a case is and always has been an executive function. It distinguished the Kansas statute from the California statute in *People v. Superior Court of San Mateo County*, supra, on the ground that the California statute placed administration of the program in the hands of the courts, thus making the program a judicial function.

▮ We believe that the concurrent clause is severable from the balance of A.R.S. § 28–692.01(C). An entire statute need not and should not be declared unconstitutional if the constitutional portion can be separated. *Cohen v. State*, 121 Ariz. 6, 588 P.2d 299 (1978). If an unconstitutional provision of a statute can be eliminated,

leaving a complete statute, whose meaning and effect is not repugnant to the original law, the remainder of the act will stand. *Scottish Union and National Insurance Co. v. Phoenix Title & Trust Co.*, 28 Ariz. 22, 235 Pac. 137 (1925). If part of an act is unconstitutional, but by eliminating the unconstitutional portion the balance of the act is workable, only that part which is objectionable will be eliminated and the balance will be left intact. *State v. Coursey*, 71 Ariz. 227, 225 P.2d 713 (1950). Where it is manifest that the legislature would never have passed a law without the unconstitutional provision, the remainder of the law must also fall. *People v. Clay*, supra. We do not believe that it is manifest here that the legislature would never have passed A.R.S. § 28–692.01(C) if it were not for the concurrence clause. We believe that the legislature was more intent on providing an alternative to the trial judge when certain factual determinations were met. The trial court did not err in severing the concurrence clause from the balance of the act. See *People v. Clay*, supra.

Affirmed.

BIRDSALL, C.J., concurs.

HATHAWAY, Judge, dissenting.

Arizona has recognized that the legislature sets sentencing limits and delegates the authority to control the sentence, within those limits, to the courts and the executive branch. *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). The criminal code spells out whether conduct is criminal and prescribes the range and variety of penalties and conditions for their imposition. Unlike the judicial branch in California, as is shown in the authorities cited in the majority opinion, the Arizona judicial branch has not heretofore anointed itself as the exclusive high priest of all sentencing activities, thereby removing the sanctified process from taint by the executive or legislative branches. I believe the better view was expressed in the earlier California case of *People v. Sidener*, 58 Cal.2d 645, 25 Cal.Rptr. 697, 375 P.2d 641 (1962), where the California Supreme Court held that the

legislature could properly vest certain public officers with the responsibility for determining the punitive consequences of recidivism in individual narcotic cases. The dissent by Justice Schauer seems to have subsequently carried the day and serves as the starting point for the cases cited by the majority.

The sentencing scheme before us, in my view, does not remove from the trial court its ultimate sentencing authority; it merely vests in the prosecutor the keys to limited leniency in an area of universal public concern. Where a recommendation is made by the prosecutor, the court still retains the ultimate prerogative of whether or not to follow the recommendation. I do not believe that this cuts across the lines of the separations of powers. James Madison stated that it is only where "... the whole power of one department is exercised by the same hands which possess the whole power of another department, [that] the fundamental principles of a free constitution are subverted." Federalist, Nos. 43, 47. Cf. *Vansickle v. Shanahan*, 212 Kan. 426, 511 P.2d 223 (Kan.1973), holding that vesting a limited legislative power in the Governor is not a violation of the separation of powers provision of the U.S. Constitution. See also, *State v. Greenlee*, 228 Kan. 712, 620 P.2d 1132 (Kan.1980) (upholding a statute setting guidelines for a prosecutor's implementation of a diversion program as not violative of separation of powers doctrine).

In *People ex rel. Carroll v. District Court of Second Judicial District*, 106 Colo. 89, 101 P.2d 26 (Colo.1940), the Supreme Court of Colorado upheld a statute which granted the prosecutor the right to prevent the suspension of a sentence by withholding approval thereof. In *People ex rel. Carey v. Cousins*, 77 Ill.2d 531, 34 Ill.Dec. 137, 397 N.E.2d 809 (Ill.1979), the court upheld a statute under which the death penalty could be imposed after a hearing which could only occur if requested by the prosecutor. The court stated:

"There are countless occasions in the trial of a criminal proceeding where a judi-

cial ruling that is adverse to the defendant and may affect the ultimate outcome of the prosecution will not, and ordinarily cannot, be made unless a request for the ruling has been made by the prosecution." 397 N.E.2d at 812.

The Arizona judiciary has been zealous in protecting the legislative prerogative of establishing sentencing procedures. *State v. McClarity*, 27 Ariz.App. 571, 557 P.2d 170 (1976). I believe the statute in the instant case should be upheld as constitutional. The judiciary by no means monopolizes the criminal justice product. The adjudicative process is no more compromised by an alternative sentencing prerogative available upon recommendation of a prosecutor than it is by a mandatory sentencing statute. The wisdom of opting for the former should remain in legislative halls. The important business of criminal justice requires the best efforts of all three branches of government. I do not believe the statute unconstitutionally mixes responsibilities and I would uphold it.