The **PEOPLE** of the State of Colorado, Petitioner–Appellant,

In the Interest of R.W.V., Juvenile–Appellee.

No. 96CA0601.

Colorado Court of Appeals, Div. III.

Jan. 9, 1997.

Rehearing Denied Feb. 27, 1997.

Certiorari Denied Sept. 2, 1997.

Frank J. Daniels, District Attorney, V. Wiley Christopher, Deputy District Attorney, Grand Junction, for Petitioner–Appellant.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for Juvenile–Appellee.

ROTHENBERG, Judge.

The People appeal the trial court order of deferred judgment and sentence entered following the entry of a guilty plea by the juvenile, R.W.V. We reverse and remand for resentencing.

The juvenile was originally charged with acts which would constitute sexual assault on a child if committed by an adult, and would be a class four felony. Pursuant to a plea agreement, the juvenile pled guilty to an added count of third degree sexual assault, a class one misdemeanor if committed by an adult. In exchange for his guilty plea, the People dismissed the original charge.

In the plea agreement, the People stipulated that the juvenile would receive a sentence to probation and agreed not to oppose deferred adjudication if it were recommended by the probation department. The probation department concluded that deferred adjudication was not appropriate and recommended instead that the juvenile be placed on probation.

In accordance with the probation department's recommendation, the prosecutor objected to deferred adjudication at the sentencing hearing, and asked that the juvenile be placed on probation. Defense counsel acknowledged that the trial court lacked authority under § 19–2–702(1), C.R.S. (1996 Cum.Supp.) to use the deferred judgment and sentence procedure without the People's consent.

After agreeing it lacked the statutory authority to order deferred adjudication, the trial court nevertheless found that it was "the best thing to do for the juvenile" and ordered

that his judgment and sentence be deferred for a period of six months.

## I.

■ The People contend that the trial court exceeded the scope of its statutory authority by ordering a deferred judgment and sentence over its objection. We agree.

■ Initially, we address and reject the juvenile's argument that the People's claim is moot and that this appeal should be dismissed because the period of his deferred adjudication has expired.

■ Appellate courts generally will not issue opinions on the merits of an appeal when the issues presented in the underlying litigation become moot because of later events. A case is moot when a judgment would have no practical effect on an existing controversy or would not put an end to any uncertainty. *Freedom from Religion Foundation, Inc. v. Romer*, 921 P.2d 84 (Colo.App. 1996).

■ An exception to the general rule exists in cases involving an allegedly recurring constitutional violation or those involving issues that are capable of repetition yet evading review. *People v. Black*, 915 P.2d 1257 (Colo.1996) We may address such cases on the merits despite the fact that they otherwise are moot. *Urevich v. Woodard*, 667 P.2d 760 (Colo.1983).

Here, although the period of the juvenile's deferred adjudication expired in August 1996, nothing in the record indicates that his case has reached final disposition. Thus, the People's appeal is not moot. Even if the case has been fully resolved in the trial court, we conclude that, because the issue presented is capable of repetition and may evade review, it should be addressed.

Our goal in interpreting a statute is to determine and give effect to the intent of the General Assembly. To ascertain legislative intent, we must first look to the statutory language in question. When the statutory language is clear and unambiguous, we need not resort to interpretive rules of statutory construction. *Byrne v. Title Board*, 907 P.2d 570 (Colo.1995).

As pertinent here, § 19–2–702(1) provides:

In any case in which the juvenile entered a plea of guilty to or has been found guilty of an allegation in the petition, the court has the power, *with the consent of the juvenile and the district attorney*, to continue the case for a period not to exceed one year from the date of entry of the plea or finding of guilt . . . . (emphasis added)

The statute unambiguously conditions the trial court's power to defer a juvenile's sentence upon the concurrence of the prosecuting attorney. This express statutory language leaves no question as to the General Assembly's intent. *See People v. Appelhanz*, 738 P.2d 1182 (Colo.1987) (interpreting similar provision in § 16–7–403(1), C.R.S. (1986 Repl.Vol. 8A)).

Because the People objected to this deferred adjudication, the trial court exceeded its statutory sentencing authority by deferring the juvenile's judgment and sentence. *See People v. Appelhanz, supra; see also People v. White*, 679 P.2d 602 (Colo.1984) (a court may not ignore a legislative mandate and impose what it considers to be a more appropriate sentence).

## II.

■ Nevertheless, the juvenile maintains that § 19–2–702(1) violates the separation of powers doctrine by conditioning the trial court's deferral of a sentence upon the People's consent in cases in which the juvenile has entered a guilty plea. He maintains that this requirement deprives the judiciary of its sentencing powers and unlawfully delegates the sentencing responsibility to the executive branch, namely, the prosecuting attorney. We are not persuaded.

■ The party challenging a statute has the burden of proving unconstitutionality. *People v. Pate*, 878 P.2d 685 (Colo.1994).

Colo. Const. art. III provides:

The powers of the government of this state are divided into three distinct departments—the legislative, executive and judicial; and no person or collection of persons

charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.

■ The separation of powers doctrine imposes on the judiciary both a proscription against interfering with the executive or legislative branches, and a duty to perform its own constitutional and statutory obligations with complete independence. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994).

■ However, the separation of powers doctrine does not require a complete division of authority among the three branches of government. The powers exercised by different branches of government necessarily overlap, and an absolute separation of government functions among the co-equal branches is neither required nor desirable to achieve the constitution's ultimate goal of effective and efficient government. *See People v. Montgomery*, 669 P.2d 1387 (Colo.1983) (the fundamental underlying purpose of the separation of powers doctrine is the orderly distribution of power among the three branches of state government).

In analyzing the federal constitution, the United States Supreme Court has emphasized a "flexible understanding of separation of powers" that does not require a "hermetic division among the Branches." *Mistretta v. United States*, 488 U.S. 361, 381, 109 S.Ct. 647, 659, 102 L.Ed.2d 714, 736 (1989); *see also Smith v. Miller*, 153 Colo. 35, 40, 384 P.2d 738, 741 (1963) ("the three departments of government are coordinate and shall cooperate with and complement" each other).

■ Although sentencing traditionally is a judicial function, it is not within the sole province of the judiciary. *People v. District Court*, 106 Colo. 89, 101 P.2d 26 (1940). Rather, the General Assembly has the inherent powers to prescribe punishment for crimes and to limit the court's sentencing authority. *People v. Pate, supra*. The courts have no inherent authority to suspend a sentence or to impose a sentence contrary to that authorized by the General Assembly.

*People v. Appelhanz, supra; see also People v. White, supra*.

The executive branch also is vested with powers that influence the sentencing process. For example, the prosecutor determines the extent of a suspect's sentencing exposure by deciding whether to file charges, what charges to file, whether to request the dismissal of charges, and whether to charge prior convictions for purposes of determining a defendant's habitual criminality. Colo. Const. art. VI, § 13; § 20–1–102, C.R.S. (1996 Cum.Supp.); *see also People v. Fletcher*, 193 Colo. 314, 566 P.2d 345 (1977); *People v. Kurz*, 847 P.2d 194 (Colo.App.1992). Prosecuting attorneys also have authority to plea bargain with criminal defendants. Section 16–7–301, C.R.S. (1996 Cum.Supp.); *see also Lucero v. Goldberger*, 804 P.2d 206 (Colo. App.1990).

Following sentencing, parole officials may release individual prisoners before the expiration of their judicially imposed term of imprisonment, § 17–22.5–401, et seq., C.R.S. (1996 Cum.Supp.), and the Governor has the unreviewable power to grant pardons and commute sentences in most cases. Colo. Const. art. IV, § 7; *People v. Simms*, 186 Colo. 447, 528 P.2d 228 (1974).

As pertinent here, the General Assembly has granted the prosecuting attorney the discretion to consent to deferred adjudication when the juvenile has entered a guilty plea. Section 19–2–702(2); *see also* § 16–7–401, et seq., C.R.S. (1996 Cum.Supp.) (deferred adjudication statute applicable in cases involving adult criminal defendants). However, the sentencing court makes the ultimate decision regarding the sentence to be imposed if the juvenile violates a condition of the deferred adjudication. Section 19–2–702(4), C.R.S. (1996 Cum.Supp.); *see also* § 16–7–403(2), C.R.S. (1996 Cum.Supp.); *Adair v. People*, 651 P.2d 389 (Colo.1982).

The juvenile nevertheless contends that the statutory grant of prosecutorial veto power over the trial court's ability to defer sentences following a juvenile's entry of a guilty plea violates separation of powers principles. We disagree.

A deferred sentence upon entry of a guilty plea is not a sentence. Rather, it is the postponement of a sentence which offers a juvenile an opportunity to have the adjudication of guilt expunged. Section 19–2–702(3), C.R.S. (1996 Cum.Supp.) (providing that if the juvenile complies with the conditions of the deferred adjudication, the plea shall be withdrawn and the case dismissed with prejudice); § 19–2–702(4), C.R.S. (1996 Cum. Supp.) (providing that if the juvenile violates a condition of the deferred adjudication, the court "shall enter an order of adjudication and *proceed to sentencing*" (emphasis added)).

The deferred adjudication statute gives the prosecution authority analogous to its authority to plea bargain. The prosecutor determines before trial whether to recommend a deferred adjudication in exchange for a guilty plea. If the juvenile accepts such an offer and the court agrees, the court will defer sentence upon an adjudication of guilt. Under this statutory framework, a sentence will be imposed only if the juvenile violates the terms of the agreement. Sections 19–2–702(3) and § 19–2–702(4). And, as is true in the plea bargaining process, the trial court cannot force the prosecution to agree to a deferred adjudication in the first instance, but makes the final determination whether to accept or reject the deferred sentence agreement. *See* § 16–7–302, C.R.S. (1996 Cum. Supp.); *see also State v. Pierce*, 163 Vt. 192, 657 A.2d 192 (1995); *Billis v. State*, 800 P.2d 401 (Wyo.1990). If this were not the case, the possibility of an unanticipated deferred adjudication would be a substantial disincentive to any charging concessions by the prosecutor as part of a plea bargain.

We therefore hold that, in the context of plea bargaining, § 19–2–702(1) does not impermissibly interfere with the judiciary's sentencing authority. *See People v. Sanders*, 185 Colo. 153, 522 P.2d 735 (1974) (statute conditioning court's power to order criminal defendant released on bond on prosecutor's consent does not violate separation of powers principles); *People v. District Court, supra* (upholding statute requiring prosecutorial approval of suspended sentence against separation of powers challenge).

Our conclusion is in accord with that reached by courts of other jurisdictions that have analyzed analogous statutes. *See State v. Larson*, 159 Ariz. 14, 764 P.2d 749 (Ariz.App.1988) (statute requiring prosecuting attorney's recommendation before misdemeanor offense of domestic violence can be compromised and dismissed is not an unconstitutional invasion of judicial powers); *State v. Greenlee*, 228 Kan. 712, 620 P.2d 1132 (1980) (statute granting district attorney authority to enter into diversion agreement with defendant does not unconstitutionally usurp core judicial function); *State v. Graves*, 58 Or.App. 286, 648 P.2d 866 (1982) (drug diversion statute does not violate separation of powers doctrine by giving prosecutor discretion to decide whether to grant diversion); *State v. Pierce, supra* (Vermont's deferred adjudication statute does not violate separation of powers principles by conditioning entry of deferred sentence on prosecutorial consent); *Billis v. State, supra* (upholding statute requiring prosecutorial consent to court's order of deferred adjudication and concluding that deferred sentence is not a final sentence); *see also United States v. Huerta*, 878 F.2d 89 (2d Cir.1989), *cert. denied*, 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990) (upholding statute requiring motion by prosecutor before court may impose sentence below statutory minimum based on defendant's cooperation with government); *Wheatt v. State*, 410 So.2d 479 (Ala.Cr.App. 1982) (same); *cf. State v. Ramsey*, 171 Ariz. 409, 831 P.2d 408 (Ariz.App.1992) (declaring statute requiring prosecutorial consent to court's order of deferred sentencing where defendant had been found guilty following jury trial unconstitutional, but recognizing that similar prosecutorial consent requirement in context of plea bargaining would not violate separation of powers principles). *But see State v. Jones*, 142 Ariz. 302, 689 P.2d 561 (Ariz.App.1984) (declaring statute conditioning court's power to impose less than mandatory minimum sentence following conviction on recommendation of prosecutor unconstitutional); *People v. Superior Court*, 11 Cal.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405 (1974) (striking down statute giving prosecutor veto power

over trial court's decision to sentence defendant to diversion program); *see also Brugman v. State,* 255 Ga. 407, 339 S.E.2d 244 (1986) (construing statute to allow sentencing court to impose reduced or suspended sentence if it finds defendant rendered substantial assistance to state); *State ex rel. Schillberg v. Cascade District Court,* 94 Wash.2d 772, 621 P.2d 115 (1980) (statute requiring prosecutor's consent to court's decision to defer prosecution of person whose wrongful conduct was caused by or the result of alcohol problems held unconstitutional because it did not include standards to guide the prosecutor's exercise of authority).

The order is reversed and the cause is remanded for imposition of sentence.

JONES and BRIGGS, JJ., concur.